UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LACEY MARKETPLACE ASSOCIATES II LLC, a Washington limited liability company, | NO. |
| Plaintiff, | COMPLAINT FOR MONEY DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF |
| v. | |
| UNITED FARMERS OF ALBERTA CO-OPERATIVE LIMITED, a foreign association; WHOLESALE SPORTS USA, INC., a Utah corporation; ALAMO GROUP LLC, a California limited liability company; and DONALD F. GAUBE and JANE DOE GAUBE, husband and wife, and the marital community composed thereof, | AND JURY DEMAND |
| Defendants. | |

## I.   PARTIES

1.1   <u>Plaintiff Lacey Marketplace Associates II LLC</u>.  Lacey Marketplace Associates II LLC ("Lacey Marketplace") is a Washington limited liability company with its principal place of business in Washington State.

COMPLAINT FOR MONEY DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF - 1

No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1.2   Defendant United Farmers of Alberta Co-Operative Limited.  United Farmers of Alberta Co-Operative Limited ("UFA") is a foreign association with its principal place of business in Calgary, Alberta, Canada.

1.3   Defendant Wholesale Sports USA, Inc.  Wholesale Sports USA, Inc. ("Wholesale Sports") is a Utah corporation with its principal place of business in Utah.

1.4   Defendant Alamo Group LLC.  Alamo Group LLC ("Alamo Group") is a California limited liability company with its principal place of business in California.

1.5   Defendants Donald F. Gaube and Jane Doe Gaube.  Defendants Donald F. Gaube and Jane Doe Gaube ("Gaube"), husband and wife, are California residents.  All acts performed by Donald Gaube with respect to this matter were performed on behalf of his marital community.

## II.   JURISDICTION AND VENUE

2.1   Subject Matter Jurisdiction.  This Court has subject matter jurisdiction pursuant 28 U.S.C. § 1332.  Plaintiff's damages exceed $75,000.

2.2   Personal Jurisdiction.  The Court has personal jurisdiction of all parties.

2.3   Venue.  Venue is proper pursuant to 28 U.S.C. § 1391.

## III.   FACTS ENTITLING PLAINTIFF TO RELIEF

3.1   The Lease.  On November 23, 2005, Lacey Marketplace leased to Sportsman's Warehouse, Inc. ("Sportsman's Warehouse") a portion of the Lacey marketplace shopping center in Thurston County, Washington (the "Lease").  The Lease provides in part:

> In the event of any subletting or assignment, Tenant will remain liable for the performance of all the terms and conditions of this Lease provided, however, that if Tenant assigns this Lease to an assignee (i) having as of the effective date of such assignment, a net worth of at least Twenty Million Dollars ($20,000,000) and (ii) which operates at least thirty (30) stores nationally, then and in that event, Tenant will be released from all liability under this Lease accruing from and after the effective date of such assignment. . . .  Notwithstanding the foregoing, neither

COMPLAINT FOR MONEY DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF - 2
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

(1) a sale or exchange of Tenant's stock on a national exchange; (2) a merger or consolidation involving Tenant; (3) an exchange of stock between Tenant's parent, subsidiary, or affiliate, if any, nor (4) the sale of substantially all of Tenant's stock or the sale of substantially all of Tenant's assets to [sic] (other than a sale in connection with or in lieu of bankruptcy or receivership) will be considered an assignment for purposes of this Lease.

3.2     <u>UFA Creates UFA Holdings</u>.  At some point prior to November 2008, UFA created UFA Holdings, Inc. ("UFA Holdings"), a Utah corporation.

3.3     <u>Collateral Assignment of Lease</u>.  In November 2008, Sportsman's Warehouse and UFA Holdings executed a Collateral Assignment of Lease as part of a transaction in which UFA Holdings agreed to loan money to Sportsman's Warehouse.  The parties contemplated that, in the event of default, UFA Holdings may acquire certain business assets of Sportsman's Warehouse, including some or all of its stores.  Lacey Marketplace consented to the assignment, subject to the following:

> The undersigned, being a Landlord pursuant to the above-described Lease, hereby acknowledges the above assignment and consents thereto; provided, however, that the Landlord's obligation to accept a Landlord Notice as described above shall be subject to either (i) the Landlord being provided with satisfactory evidence that, as at [sic] the date of the Landlord Notice, the Assignee has a net worth of at least $30,000,000, or (ii) the parent of the Assignee, United Farmers of Alberta Co-operative Limited, or another party whose credit standing is satisfactory to the Landlord, acting reasonably, has agreed in writing to guarantee to Landlord the payment of the rent and performance of the other obligations required by the Lease (provided that such guarantee, if required, shall expressly provide that it shall be effective only at such time or times as the Assignee has a net worth of less than $30,000,000).

3.4     <u>Sportsman's Warehouse Default</u>.  Sportsman's Warehouse defaulted and, on March 12, 2009, Lacey Marketplace received the Landlord Notice contemplated in the Collateral Assignment of Lease.  The notice provided in part:

> Please be advised that [Sportsman's Warehouse] and [UFA Holdings] have agreed to complete the Transaction by way of a Store Purchase which includes the

COMPLAINT FOR MONEY DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 3
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Premises. Accordingly, we are hereby providing you with the required Landlord Notice confirming, among other things, that . . . (c) [UFA Holdings] has, as of the date of this Landlord Notice, a minimum net worth of $30,000,000.

The statement that UFA Holdings had a minimum net worth of $30,000,000 as of the date of the Landlord Notice was false. In March 2009, UFA purchased 15 Sportsman's Warehouse locations throughout the northwest United States, which it then rebranded as Wholesale Sports.

3.5   <u>UFA Holdings Changes Name to Wholesale Sports</u>. UFA Holdings changed its name to Wholesale Sports USA, Inc.

3.6   <u>February 2013 Notice of Sale</u>. On February 12, 2013, Lacey Marketplace received notice that UFA and Wholesale Sports had signed a definitive agreement with Sportsman's Warehouse and Alamo Group pursuant to which Sportsman's Warehouse would acquire and operate 10 of the Wholesale Sports stores and Alamo Group or a related party would acquire and <u>close</u> four stores, including the Lacey store.

3.7   <u>Sham Transaction</u>. This transaction is scheduled to close in mid-March 2013. It is a sham, designed to thwart the tenant's obligations under the Lease. Alamo Group and Mr. Gaube have worked with UFA and Wholesale Sports to structure a transaction in which the Lease will be acquired by a party unable to pay rent.

3.8   <u>UFA Is the Alter Ego of Wholesale Sports</u>. Wholesale Sports is wholly owned and controlled by UFA and/or wholly owned and controlled subsidiaries of UFA. UFA so dominates and controls Wholesale Sports that they must be viewed as one and the same legal entity such that UFA is liable for the actions of Wholesale Sports. UFA has improperly used the corporate form in an attempt to shield itself from liability for the actions of Wholesale Sports.

COMPLAINT FOR MONEY DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 4
No.

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## IV.   CLAIMS

4.1   <u>Breach of Lease</u>.  Wholesale Sports has breached its obligations to Lacey Marketplace under the Lease.

4.2   <u>Breach of Collateral Assignment</u>.  Wholesale Sports has breached its obligations to Lacey Marketplace under the Collateral Assignment of Lease.

4.3   <u>Promissory Estoppel</u>.  UFA promised to guarantee Sportsman's Warehouse's performance under the Lease if the Lease was assigned to a company having less than $30 million in net worth.  UFA expected Lacey Marketplace to consent to the assignment based on this promise, it did so consent in reliance on the promise, and justice requires that UFA be held responsible for the Lease obligations.

4.4   <u>Misrepresentation</u>.  UFA Holdings, now Wholesale Sports, induced Lacey Marketplace to accept the Assignment of Lease from Sportsman's Warehouse to itself by fraudulently and/or negligently misrepresenting that, on the date of the Landlord Notice, it had a minimum net worth of $30,000,000.  This statement was false, it was known to be false, it was made with the intention that Lacey Marketplace rely on it, and Lacey Marketplace did so rely.

4.5   <u>Intentional Interference with Contract</u>.  Alamo Group, Donald Gaube, and UFA intended to and did induce or cause Wholesale Sports' breaches of the Lease and Collateral Assignment of Lease agreements by participation in the sham transaction described above.

4.6   <u>Declaratory Relief</u>.  The facts of this case present an actual case in controversy that is ripe for adjudication under the Declaratory Judgment Act, 28 U.S.C. § 2201.  The Court should declare that UFA is liable for the obligations of the tenant under the Lease.

4.7   <u>Alter Ego/Corporate Veil</u>.  UFA is legally obligated to pay all damages owed by Wholesale Sports.

COMPLAINT FOR MONEY DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 5
No.

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## V. DEMAND FOR JURY

5.1 The plaintiff hereby respectfully demands a 12-person jury trial on all issues so triable.

## VI. PRAYER FOR RELIEF

6.1 <u>Money Damages</u>. For money damages in an amount to be proved at trial.

6.2 <u>Injunctive Relief</u>. For injunctive relief, including a preliminary injunction freezing sufficient proceeds of the scheduled transaction to satisfy remaining obligations due under the Lease.

6.3 <u>Declaratory Relief</u>. For a declaration that UFA is responsible for the tenant's obligations under the Lease.

6.4 <u>Attorneys' Fees/Costs</u>. For attorneys' fees and costs, as provided by law and by the Lease.

6.5 <u>Other Relief</u>. For such further relief as the Court deems just and equitable.

COMPLAINT FOR MONEY DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 6
No.

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 4th day of March, 2013.

**GORDON TILDEN THOMAS & CORDELL LLP**

By   */s Jeffrey I. Tilden*
     Jeffrey I. Tilden, WSBA #12219


By   */s Haley K. Krug*
     Haley K. Krug, WSBA #39315

1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone:  (206) 467-6477
Facsimile:   (206) 467-6292
Email:  jtilden@gordontilden.com
Email:  hkrug@gordontilden.com

Attorneys for Plaintiff Lacey Marketplace Associates II LLC

COMPLAINT FOR MONEY DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF - 7

NO.

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292