1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | LACEY MARKETPLACE        CASE NO. C13-0383JLR
ASSOCIATES II, LLC,

11                                ORDER DENYING
Plaintiff,              PREJUDGMENT INTEREST

12

13          v.

14 | UNITED FARMERS OF ALBERTA
COOPERATIVE LTD, et al.,

15          Defendants.

16 | BURLINGTON RETAIL, LLC,        CASE NO. C13-0384JLR

17          Plaintiff,

18          v.

19 | UNITED FARMERS OF ALBERTA
COOPERATIVE LTD, et al.,

20          Defendants.

21

22

ORDER- 1

1   In the wake of a jury verdict in their favor, Plaintiffs now move for an award of

2   prejudgment interest.  (*See* Pre. Int. Mot. (Dkt. # 193).)  At trial, Plaintiffs requested two

3   types of damages:  (1) missed rental payments and (2) costs of procuring new tenants

4   ("re-tenanting costs").  (*See, e.g.*, Dkt. # 227 at 968:19-069:9, 971:1-20 (Plaintiffs'

5   closing argument); Tr. Exs. 217-220.)  The jury awarded each Plaintiff the full amount of

6   requested damages.  (*See* Verdict (Dkt. # 187).)  Plaintiffs now request an award of

7   prejudgment interest for the re-tenanting costs only.  (*See* Pre. Int. Mot. at 1.)

8   In diversity cases, pre-judgment interest is governed by state law.  *Fid. Fed. Bank,*

9   *FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).  In Washington, a "court

10   may award a party prejudgment interest when the claimed amount is 'liquidated' or when

11   an unliquidated claim is otherwise determinable by reference to a fixed contractual

12   standard, without reliance on opinion or discretion."  *Forbes v. Am. Bldg. Maint. Co. W.*,

13   240 P.3d 790, 793-94 (Wash. 2010).  A claim is liquidated when the amount of

14   prejudgment interest can be computed with exactness from the evidence, without reliance

15   on opinion or discretion."  *Id.*  A claim is unliquidated where "the exact amount of the

16   sum to be allowed cannot be definitely fixed from the facts proved, disputed or

17   undisputed, but must in the last analysis depend upon the opinion or discretion of the

18   judge or jury as to whether a larger or a smaller amount should be allowed."  *Prier v.*

19   *Refrigeration Eng'g Co.*, 442 P.2d 621, 626 (Wash. 1968).  However, the fact that a

20   claim is disputed does not render the amount unliquidated.  *Id.*  Rather, "it is the character

21   of the claim and not of the defense that is determinative of the question whether an

22   amount of money sued for is a 'liquidated sum.'"  *Id.*

ORDER- 2

1    Plaintiffs contend that their re-tenanting costs constitute a liquidated sum because

2    the costs are evidenced by invoices. (Pre. Int. Mot. at 2.)  Plaintiffs reason that calculating

3    the amount due required no discretion because, once liability was found, the damages

4    equaled the sum of the invoices for the re-tenanting construction.  (*Id.* at 3.)

5    The court is unpersuaded.  Although the amount of money Plaintiffs' expended

6    while re-tenanting their properties was a sum certain, the amount of money Plaintiffs

7    were entitled to recover from Defendants was not.  *See Car Wash Enters., Inc. v.*

8    *Kampanos*, 874 P.2d 868, 875 (Wash. Ct. App. 1994).  Rather, Plaintiffs were only

9    entitled to "recover the remodeling costs to the extent the costs were *reasonably*

10   *necessary* in order to re-let the properties and not capital improvements." (Jury Ins. (Dkt.

11   # 183) (Instruction No. 21) (emphasis added).)  The factors relevant to determining

12   whether a given cost constituted a capital improvement included "whether the remodeling

13   substantially increased the value of the premises and whether the remodeling included

14   major, permanent structural changes."  (*Id.*)

15   Washington courts have consistently declined to award prejudgment interest when

16   the damages determination required the factfinder to determine "reasonableness" or to

17   otherwise weigh conflicting testimony to determine the measure of damages.  *See*

18   *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 15 P.3d 115, 133 (Wash. 2000), *as*

19   *amended* (Jan. 16, 2001) (finding that damages were unliquidated because "establishing

20   [the]damages required testimony allocating certain vendor bills between environmental

21   remediation (for which coverage existed) and capital improvements (for which it did

22   not)"); *Hansen v. Rothaus*, 730 P.2d 662, 667 (Wash. 1986) ("Because reliance upon

ORDER- 3

opinion and discretion is necessary in determining whether the amounts expended were reasonably necessary and reasonable in amount, medical expenses are unliquidated."); *id.* ("Clearly, the settlement . . . paid and the costs of defending and settling the injured crew member's suit are unliquidated. These amounts are recoverable only if reasonable in amount.").[1] In so holding, courts have reasoned that, because the determination of reasonableness necessarily implicates an exercise of discretion, a defendant could not determine ex ante the amount that should be paid. *See Weyerhaeuser Co.*, 15 P.3d at 133; *Hansen*, 730 P.2d at 667; *Kiewit-Grice v. State*, 895 P.2d 6, 9 (Wash. Ct. App. 1995) ("Where a defendant has challenged the reasonableness of the amount awarded for extra work arising outside of the contract, the award is unliquidated, because reliance upon opinion and discretion was necessary in determining the reasonableness of the amounts expended. A claim is unliquidated if the principal must be arrived at by a determination of reasonableness.") (internal quotations omitted)).

That same reasoning applies here. At trial, all parties put forth evidence and argument disputing whether the claimed remodeling costs were reasonably necessary and

---

[1] *See also Tri-M Erectors, Inc. v. Donald M. Drake Co.*, 618 P.2d 1341, 1346 (Wash. 1980) ("A claim is unliquidated if the principal must be arrived at by a determination of reasonableness."); *Ski Acres Dev. Co. v. Douglas G. Gorman, Inc.*, 508 P.2d 1381, 1385 (Wash. Ct. App. 1973) ("In this case there was a question of the reasonableness of the cost of repairs and until that was resolved by the jury, the claim was unliquidated."); *Aker Verdal A/S v. Neil F. Lampson, Inc.*, 828 P.2d 610, 617-18 (Wash. Ct. App. 1992) ("Since it was within the jury's discretion to determine a reasonable hourly rate, the labor costs were unliquidated."); *Douglas Nw., Inc. v. Bill O'Brien & Sons Const., Inc.*, 828 P.2d 565, 582-83 (Wash. Ct. App. 1992) ("There was disputed testimony here concerning the proper computation method for deriving hourly equipment rates, with experts for both sides giving their opinions. The trial court was thus forced to rely on opinion testimony, and a measure of discretion was involved. This claim was not liquidated."). *Segall v. Ben's Truck Parts, Inc.*, 488 P.2d 790, 793 (Wash. Ct. App. 1971) ("Where . . . the trial court must exercise its discretion as to what evidence to give credit to and what amount to use in its computations, without reference to a contractual standard of the parties, the denial of interest was proper.").

1   whether they constituted capital improvements.  (*See, e.g.*, 3/6/15 Tr. Trans. (Dkt. # 227)

2   at 968:19-069:9, 971:1-20 (Plaintiffs' closing argument); 997:1-98:25 (Defendants'

3   closing argument); Tr. Exs. 217-220.)  Contrary to Plaintiffs' contention, upon a finding

4   of liability, the jury could not merely sum the invoices to arrive at a damages figure.

5   Rather, the jury had to consider, in light of both sides' evidence, whether each claimed

6   cost was reasonably necessary to re-let the premises (which was recoverable), and

7   whether it resulted from a capital improvement (which was not recoverable).  (*See* Jury

8   Inst. No. 21.)  Those decisions necessarily implicated an exercise of discretion.  *See*

9   *Weyerhaeuser Co.*, 15 P.3d at 133; *Hansen*, 730 P.2d at 667; *Kiewit-Grice*, 895 P.2d at 9.

10  That the jury ultimately awarded all of Plaintiffs' requested costs does not change the fact

11  that, before the jury's verdict, it was uncertain what amount Defendants owed.  *See*

12  *Hansen*, 730 P.2d at 665 ("A defendant should not . . . be required to pay prejudgment

13  interest in cases where he is unable to ascertain the amount he owes to the plaintiff.");

14  *Maryhill Museum of Fine Arts v. Emil's Concrete Const. Co.*, 751 P.2d 866, 869 (Wash.

15  Ct. App. 1988) ("In the present case, the costs and extent of the repairs were disputed.

16  The court used its discretion in determining the reasonable cost of the repairs would be

17  the original contract cost of the project.  Until that decision was made, the amount was

18  not liquidated.").

19  //

20  //

21  //

22  //

ORDER- 5

1        Consequently, the court concludes that Plaintiffs' re-tenanting damages were

2   unliquidated.  Therefore, the court DENIES Plaintiffs' motion for prejudgment interest

3   (Dkt. # 193).

4        Dated this 11th day of May, 2015.

5

6

7   _____

8   JAMES L. ROBART
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 6